NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

KEVIN ERNESTO RAFAEL ORELLANA,
*Appellant*.

No. 1 CA-CR 21-0348
FILED 5-31-2022

Appeal from the Superior Court in Mohave County
No. S8015CR201802026
The Honorable Douglas Camacho, Judge *Pro Tem*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Law Office of Elizabeth M. Hale, Lakeside
By Elizabeth M. Hale
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge Jennifer M. Perkins joined.

_____

**W E I N Z W E I G**, Judge:

**¶1**        Kevin Ernesto Rafael Orellana appeals his conviction and sentence for aggravated driving while under the extreme influence of intoxicating liquor, a class 4 felony.  After searching the record and finding no arguable, non-frivolous question of law, Orellana's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error.  Orellana had the opportunity to file a supplemental brief but did not.  After reviewing the record, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        A police officer observed Orellana speeding and failing to stop for a stop sign.  Orellana had bloodshot eyes and slurred speech, and his driver's license had been suspended.  After failing the sobriety tests, he was taken to the police station.  The officer obtained a search warrant for Orellana's blood, which a phlebotomist drew and packaged, labeling the sample with proper identifying markers.  Lab tests showed that Orellana had a blood alcohol concentration of 0.152.

**¶3**        Orellana was indicted on a single count of aggravated driving a vehicle while under the extreme influence of intoxicating liquor with an alcohol concentration of 0.15 or more but less than 0.20, a class 4 felony in violation of A.R.S. §§ 28-1382(A)(1) and -1383(A)(1), 13-701, -702 and -801.  He pled not guilty.

**¶4**        The court held a one-day trial.  The police officer and lab manager, Jonathan Noble, both testified.  After a short deliberation, the jury returned a verdict of guilty as to aggravated driving while under the extreme influence of intoxicating liquor.  Orellana was placed on five years' probation with six months in the Arizona Department of Corrections.  He timely appealed.  We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

**DISCUSSION**

¶5          We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. Orellana was present at all critical stages of the proceeding, except for one oral argument when his presence was waived and three pretrial management conferences when bench warrants were issued and later quashed. He was represented by counsel at all critical stages. The record reflects that the superior court afforded Orellana all his constitutional and statutory rights and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the court's verdict. Orellana's probation sentence is also within the range prescribed by law. We find no error on this record.

**CONCLUSION**

¶6          We affirm Orellana's conviction and sentence. Counsel's obligations in this appeal will end once Orellana is informed of the outcome and his future options, unless counsel detects an issue appropriate for the Arizona Supreme Court's review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Orellana has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA